UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-356 ADM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE JAMES ANDERSON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DEFENDANT'S POSITION AS TO SUPERVISED RELEASE VIOLATION |

Mr. Anderson is scheduled to appear before Your Honor on Friday, February 8, 2008 for a supervised release violation hearing. Mr. Anderson has been on supervision since January 12, 2006. His first modification occurred in April 2006 after he tested positive for GHB. This is his first supervised release violation hearing. He faces one Grade A violation and many Grade C violations.

## I. ALLEGATIONS

### A. Failure to Remain Law Abiding

#### 1. Possession of Methamphetamine

On January 1, 2008, after receiving information about a erratic driver, the officer located Mr. Anderson's car inside an open garage. The officer approached, and tapped on the window. After several knocks, Mr. Anderson woke up. The officer had him step out of the vehicle and began field sobriety tests. Mr. Anderson passed the tests. The officer

claims that Mr. Anderson gave him permission to search the vehicle. Inside the vehicle, the officer found .6 grams of Methamphetamine.

Mr. Anderson has not been charged in Anoka County with this offense. He was released pending an investigation. Since that time, Mr. Anderson has spoken to Detective involved in the case. The detective came to his work and asked him to cooperate. The detective acknowledged some probable cause concerns. At that time, Mr. Anderson confessed to the detective that the methamphetamine was his.

There are concerns about the legality of the search of the vehicle. It is not clear whether he will ever be charged in state court with this offense. As such, Mr. Anderson has been advised to deny this allegation. This violation is a Grade A violation and the suggested guideline range is 21 to 24 months.

**2. Driving after Suspension**

On January 11, 2008 Mr. Anderson retrieved his vehicle from the impound lot (related to January 1, 2008 offense). He was stopped and ticketed. Although Officers found marijuana inside the car, Mr. Anderson was not charged with the marijuana. It is Mr. Anderson's belief that the marijuana was years ago, since that is no longer his drug of choice. He is now a valid driver (the fines have been paid). Mr. Anderson admits to failing to remain law abiding. This is a Grade C violation and the suggested guideline range is 8 to 12 months.

**B. Failure to Notify the Probation Officer of contact with Law Enforcement.**

This allegation arises from three traffic tickets:

| | |
|---|---|
| November 29, 2006: | Speeding and No Seatbelt |
| January 31, 2007: | Driving after Suspension and Speeding |
| November 1, 2007: | Speeding |

Mr. Anderson admits to this allegation. Initially, he reported on this monthly reports the first two tickets. However, he was asked to re-do his reports because of an issue with the mail. The second time around, he did not report these tickets and he never picked up the phone to inform this probation officer. He admits he is clearly in violation of this allegation. This is a Grade C violation.

**C. Refraining from any unlawful use of a controlled substance**

On January 15, 2008, Mr. Anderson's sweat patch was positive for methamphetamine. Mr. Anderson denies use in or around that time. However, he does admit that he has been using methamphetamine (and a drug he ordered from the internet) ; his last use was on January 1, 2008. This too constitutes a Grade C violation.

**D. Failure to Complete Thinking for Change**

Mr. Anderson admits that he has not completed this program. In August 2007, he began the program and in November he was discharged from the program unsuccessfully. He had three absences. Two of these absences related to the birth of his child. (The first Tuesday, his wife was in labor, the following Thursday his child was born). He was given another chance to complete the program in January 2008. This time around, he was doing better. Counsel spoke to the counselor Dana from the Recovery Resource Center. Dana

indicated that he sat down with Mr. Anderson and his probation officer and made it clear that there will be NO excused absence and he would have to put an real effort into the program. Dana did indicate that Mr. Anderson participation in the program was more positive and seemed to be doing better than when he originally began the program in 2007. However, he missed a class and had a positive sweat patch, and that was the end of the program for him.

## II. Positive Behavior

Clearly, Mr. Anderson has had difficulty on supervision. It appears that USPO Martinetto has given Mr. Anderson many chances to get his act together, yet he has failed. However, whether it’s the fear of going back to prison or a real awakening, there are some positive things Mr. Anderson has now done. It can be said that its too late, but sometimes its better late than never.

Since being unsuccessfully discharged from his last program, he has taken steps to stop his spiraling behavior. He has sought out help from a psychiatrist; Dr. Abraham Verjovsky.

Dr. Verjovsky remains positive that Mr. Anderson can stop his destructive behavior. The first step is stop his addiction to drugs. He has prescribed Mr. Anderson Suboxone, which blocks the effects of opiates. Mr. Anderson is currently taking that medication. He has remained in daily contact with the Dr. Verjovsky discussing his personal demons. Counsel has sent the Court a letter from Dr. Verjovsky under a separate

filing. Mr. Anderson is scheduled to start outpatient treatment at Fairview Medical Center. The combination of chemical dependency treatment and mental health counseling (for which Mr. Anderson is paying for) is what he needs. He has started to take the right steps. He has also moved out of his home into his girlfriend's (Sara Peterson) parents home. The reasoning is that they family wants to work and support Mr. Anderson as a family. Ms. Peterson's parents and her sister remain supportive of Mr. Anderson and want him to do better.

Aside from the treatment plan, he is working at the full-time at the same place he's worked at prior to this offense. With this income he is able to support his girlfriend and their two children.

## III. Options

If the Court finds that Mr. Anderson has violated the conditions of his supervised release by committing a Grade A violation, his suggested range is 21 to 24 months, a Grade C violation is 8 to 12 months.

Mr. Anderson respectfully requests that this Court consider giving him another chance. This treatment he is now receiving sounds promising. He has the support system in place, the fear of prison, and a genuine want to get better on his side. He is requesting the Court continue his disposition for three months and then evaluate to see how he is doing. He has his treatment both for mental health and chemical dependency set in place.

Mr. Anderson fully appreciates the requests that he be sent to prison. He knows he did not comply with his supervision. But, he is asking for one more chance. In the alternative, if the Court does want to send him to prison, he is requesting no more than a year and day without supervision to follow. He has done some positive things, but just isn't there all the way, yet. Will the help he is now receiving, he knows he can do better.

Dated: February 7, 2008

Respectfully submitted,

*s/Manny K. Atwal*
MANNY K. ATWAL
Attorney No. 282029
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415