RECEIVED
FEB 0[illegible] 2008
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**UNITED STATES OF AMERICA** **CR 0:00CR00356-001**

**v.** **ORDER SETTING CONDITIONS OF RELEASE**

**KYLE JAMES ANDERSON**

**IT IS ORDERED** that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the U.S. Probation office, in writing, of current address and telephone number. The defendant shall immediately advise the court, defense counsel, U.S. Probation office and the U. S. Attorney in writing of any change in address and/or telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed, if you are convicted of any offense, as directed. ______

location: **report to the institution designated by the Bureau of Prisons on February 22, 2008, by 9:00 a.m. or to the U.S. Marshals service in Minneapolis, Minnesota, by 9:00 a.m. on the same date.**

on **February 22, 2008** at **9;00 a.m.**

## RELEASE ON UNSECURED BOND

**IT IS FURTHER ORDERED** that the defendant be released provided that:

( **X** )(4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( **X** )(5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of $50,000 in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

SCANNED
FEB 1 1 2008
U.S. DISTRICT COURT MPLS

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, **IT IS FURTHER ORDERED** that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of a third party designated by the court who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

The third party designated by the court will immediately provide Pretrial Services with their name/organization, address, city state, telephone number and signature.

( **X** ) (7) The defendant shall:

( ) (a) maintain or actively seek employment.
( ) (b) maintain or commence an educational program.
( ) (c) abide by the following restrictions on his personal associations, place of abode, or travel: ____________
( ) (d) avoid all contact with the following ____________
( **X** ) (e) report on a regular basis to the following agency: U.S. PROBATION
( ) (f) comply with the following curfew: ____________
( ) (g) refrain from possessing a firearm, destructive device, or other dangerous weapon.
( **X** ) (h) refrain from any use of alcohol.
( **X** ) (i) refrain from use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. §802 unless prescribed by a licensed medical practitioner.
( ) (j) undergo medical or psychiatric treatment and/or remain in an institution as follows: ____________
( ) (k) surrender any passport to: Pretrial Services
( ) (l) obtain no passport.
( **X** ) (m) submit to urine analysis testing at the direction of U.S. Probation.
( ) (n) participate in a chemical dependency assessment and any follow-up treatment deemed necessary by Pretrial Services.
( ) (o) submit to an electronic monitoring program as directed by Pretrial Services. Defendant shall incur all or part of the costs of the monitoring if deemed appropriate by Pretrial Services.

( ) **Curfew:** You are restricted to your residence every day ( ) from ________ to ________, or ( ) as directed by the Pretrial Services Officer; or

( ) **Home Detention:** You are restricted to your residence at all times except for employment, activities, appointments, treatment, education or religious services pre-approved by the Pretrial Services Officer; or

( ) **Home Incarceration:** You are restricted to your residence at all times except for medical needs to treatment, religious services, and court appearances pre-approved by the Pretrial Services Officer.

( **X** )(p) report to the U.S. Probation Office or supervising officer within 72 hours of being in contact with any law enforcement personnel, including but not limited to, any arrest, questioning, or traffic stop.

( **X** ) (q) report to the institution designated by the Bureau of Prisons on February 22, 2008, by 9:00 a.m. or to the U.S. Marshals service in Minneapolis, Minnesota, by 9:00 a.m. on the same date.

(X) Defendant shall abide by all other conditions of supervised release.

## ADVICE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined nor more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Signature of defendant

**DIRECTIONS TO UNITED STATES MARSHAL**

( **X** ) The defendant is **ORDERED** released after processing.

( ) The United States Marshal is **ORDERED** to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

DATE: 8 February 2008 [signature]